JUAN ABARCA, ETC., Plaintiff and Appellee, *v.* JUAN RODRÍGUEZ ET AL., Defendants and Appellants.

No. 5763. Argued May 25, 1932.—Decided January 17, 1933.

---

*Enrique Rincón* for appellants. *Harry B. Llenza* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Juan Abarca, as liquidator of Abarca Auto Co., Inc., brought an action of debt against Juan Rodríguez and his wife, María Teresa Delgado de Rodríguez. It was alleged in the complaint that the defendants signed and delivered to the plaintiff a promissory note which is transcribed therein, as follows:

"Number One—For $606.00—Due March 10, 1929. We jointly and severally promise to pay to Abarca Auto Co., Inc., at its office or order, on March 10, 1929, the sum of Six Hundred and Six and no/100 dollars, value received as a loan. We jointly and severally promise to pay interest after maturity at the rate of 12 per cent annually, and the costs and expenses incurred in the collection of this debt and the fees of the attorney retained in case of default for the purpose of giving advice and the like in the event of judicial proceedings. We expressly submit to the jurisdiction of the Insular Courts in the City of San Juan. Santurce, Puerto Rico, September 10, 1928. (Signed)—María Teresa D. de Rodríguez, J. R. Rodríguez.—Surety. Principal."

It was also alleged in the complaint that, although the obligation has become due and notwithstanding the demands made upon the defendants, the latter have not paid the debt.

The defendants filed a demurrer which was overruled. Then they answered expressly admitting the facts concerning the execution and delivery of the promissory note and the non-payment of the debt. As new matter in opposition, they set up that the promissory note originated in the purchase of an automobile, and that "two or three days after the pur-

chase of said automobile from the plaintiff, Abarca Auto Co., Inc., they discovered that the body of the car was all rotted and that it had other defects for which reason they attempted to return it, but the agent of Abarca Auto Co., Inc., offered to make a large discount on the price, on the last promissory note, and hence the sum represented by said note is not liquidated, inasmuch as the parties have not reached an agreement as to the amount of said discount.''

The plaintiffs moved that this part of the pleading be stricken out as not constituting a defense and the court granted the motion. When the case was set for trial, the defendant asked for a stay of proceedings in order to take the deposition of a certain witness and the court refused. After the trial, the court rendered judgment against the defendants who took an appeal to this Supreme Court, and assigned three errors in their brief.

By the first assignment it is urged that the court erred in overruling their demurrer, since the complaint was insufficient in that it failed to allege that the plaintiff was in possession of the promissory note.

The complaint contains a copy of the instrument and avers that the same was signed and delivered by the defendants to the plaintiff. This is sufficient; no error has been committed. In the case of *E. Solé & Co., S. en C.,* v. *Sepúlveda,* 41 P.R.R. 807, this Court said:

"When suing on a promissory note the appellee alleges that the note was executed by the defendants and delivered to it, the presumption of continuity arises and the plaintiff does not have to allege that the note never passed from his possession.''

The second assignment of error refers to the refusal of the court to order the taking of the deposition of the witness Eduardo González, and to stay the proceedings.

In our opinion there was no error. In the first place, a copy of the motion asking for the taking of the deposition of the witness in question, who was out of Puerto Rico, has not been incorporated in the record, and in the second place, it

appears from the testimony of the defendant Rodríguez that the facts sought to be proved by the testimony of said witness could have been brought to the attention of the court through other means available to the defendants. No prejudice has been shown.

The third and last error assigned relates to the elimination from the answer of the allegations set up therein as special defense.

The reason given by the court for granting the motion to strike that part of the pleading was as follows:

"In said averment it is declared that such offer was made by the agent of Abarca Auto Co., Inc., but it is not stated who the agent was or what authority he had at that time, so that it can be determined whether he had power to bind Abarca Auto., Inc."

We have some doubts as to the correctness of the above conclusion. However, since as a matter of fact the party was permitted at the trial to offer evidence on his defense, and after analyzing all the documents and testimony offered the obligation of the defendants to pay appears so clearly and so improbable their defense, which is contrary to their own actions in making amortization payments and signing new promissory notes, the last one of which they failed to pay in full, we are of the opinion that the judgment appealed from should not be reversed. An examination of the record gives the impression that substantial justice was done in the case and that a new trial would not change in any way the final conclusion reached by the lower court.

The appeal should be dismissed and the judgment appealed from affirmed.